1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| MARK DOMINGUEZ, | ) Case No. EDCV 11-725 JC |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| Defendant. | ) |

18
19

## I.    SUMMARY

20
21
22
23

On May 16, 2011, plaintiff Mark Dominguez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

24
25
26
27

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; June 14, 2011 Case Management Order ¶ 5.

28
///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

3    ("ALJ") are supported by substantial evidence and are free from material error.[1]

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On July 27, 2007, plaintiff filed applications for Supplemental Security

7    Income benefits and Disability Insurance Benefits.  (Administrative Record

8    ("AR") 10, 130, 138).  Plaintiff asserted that he became disabled on November 30,

9    2006, due to depression and psychotic features.  (AR 151-52).  The ALJ examined

10   the medical record and heard testimony from plaintiff (who was represented by

11   counsel) and a vocational expert on May 11, 2009.  (AR 22-69).

12   On August 24, 2009, the ALJ determined that plaintiff was not disabled

13   through the date of the decision.  (AR 18).  Specifically, the ALJ found:

14   (1) plaintiff suffered from the following severe impairments:  hepatitis C virus,

15   obesity, hypertension, and a depressive disorder (AR 12); (2) plaintiff's

16   impairments, considered singly or in combination, did not meet or medically equal

17   one of the listed impairments (AR 12-13); (3) plaintiff retained the residual

18   functional capacity to perform medium work (20 C.F.R. §§ 404.1567(c),

19   416.967(c))) with certain additional limitations[2] (AR 14); (4) plaintiff could

20

21   ─────────────────

22   [1]The harmless error rule applies to the review of administrative decisions regarding
     disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196
23   (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social
     Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of
24   application of harmless error standard in social security cases).

25   [2]The ALJ determined that plaintiff (i) could perform medium work; (ii) could frequently
26   climb ramps and stairs but could not climb ladders, ropes or scaffolds; (iii) could frequently
     balance, bend, stoop, crouch, and kneel; (iv) should not work at unprotected heights or around
27   dangerous, moving machinery; (v) could perform moderately detailed, complex tasks that do not
     involve working with the general public; (vi) could not perform jobs that are high-quota,
28                                                                      (continued...)

2

1  perform his past relevant work as a stock clerk (AR 18); and (5) plaintiff's

2  allegations regarding his limitations were not credible to the extent they were

3  inconsistent with the ALJ's residual functional capacity assessment.  (AR 14).

4      The Appeals Council denied plaintiff's application for review.  (AR 1).

5  **III.    APPLICABLE LEGAL STANDARDS**

6      **A.    Sequential Evaluation Process**

7      To qualify for disability benefits, a claimant must show that the claimant is

8  unable to engage in any substantial gainful activity by reason of a medically

9  determinable physical or mental impairment which can be expected to result in

10 death or which has lasted or can be expected to last for a continuous period of at

11 least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing

12 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of

13 performing the work claimant previously performed and incapable of performing

14 any other substantial gainful employment that exists in the national economy.

15 Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C.

16 § 423(d)(2)(A)).

17     In assessing whether a claimant is disabled, an ALJ is to follow a five-step

18 sequential evaluation process:

19     (1)    Is the claimant presently engaged in substantial gainful activity?  If

20            so, the claimant is not disabled.  If not, proceed to step two.

21     (2)    Is the claimant's alleged impairment sufficiently severe to limit

22            claimant's ability to work?  If not, the claimant is not disabled.

23            If so, proceed to step three.

24 ///

25

26 _____

27 [2](...continued)
   production oriented (e.g., assembly line); (vii) could have only occasional, nonintense interaction

28 with supervisors and co-workers; and (viii) could not be involved with safety operations or be in
   charge of the safety of others.  (AR 14).

(3)   Does the claimant's impairment, or combination of
impairments, meet or equal an impairment listed in 20 C.F.R.
Part 404, Subpart P, Appendix 1? If so, the claimant is
disabled. If not, proceed to step four.

(4)   Does the claimant possess the residual functional capacity to
perform claimant's past relevant work? If so, the claimant is
not disabled. If not, proceed to step five.

(5)   Does the claimant's residual functional capacity, when
considered with the claimant's age, education, and work
experience, allow claimant to adjust to other work that exists in
significant numbers in the national economy? If so, the
claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the
Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262
F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679
(claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal
error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
(9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion." Richardson v. Perales,
402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a
mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing
Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

4

1    To determine whether substantial evidence supports a finding, a court must

2    "'consider the record as a whole, weighing both evidence that supports and

3    evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v.</u>

4    <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d

5    953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

6    or reversing the ALJ's conclusion, a court may not substitute its judgment for that

7    of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

8    **IV.   DISCUSSION**

9    In short, plaintiff contends that the ALJ failed adequately to evaluate the

10   medical evidence, and that, consequently, the ALJ's decision was not supported by

11   substantial evidence.  (Plaintiff's Motion at 2-17).  More specifically, plaintiff

12   argues that:  (1) the ALJ failed adequately to consider the opinion of a state-

13   agency reviewing psychiatrist that plaintiff was limited to performing only simple

14   repetitive tasks; (2) the ALJ erroneously failed to include in his residual functional

15   capacity assessment or in the hypothetical question posed to the vocational expert

16   the state-agency psychiatrist's opinion that plaintiff was limited to performing

17   simple repetitive tasks; and (3) as a result, the ALJ erred at step five in finding that

18   plaintiff could perform his past relevant work as a stock clerk because the mental

19   demands of such job are inconsistent with a limitation to simple, repetitive tasks.

20   (Plaintiff's Motion at 2-17).

21   The Court concludes that a reversal or remand on these grounds is not

22   warranted.

23   **A.    Pertinent Law**

24   In Social Security cases, courts employ a hierarchy of deference to medical

25   opinions depending on the nature of the services provided.  Courts distinguish

26   among the opinions of three types of physicians:  those who treat the claimant

27   ("treating physicians") and two categories of "nontreating physicians," namely

28   those who examine but do not treat the claimant ("examining physicians") and

5

those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3]  See id.

"The Commissioner may reject the opinion of a nonexamining physician by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998).  However, while "not bound by findings made by State agency or other program physicians and psychologists, [the ALJ] may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p; see also 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.  Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence. . . ."); Sawyer v. Astrue, 303 Fed. Appx. 453, 455 (9th Cir. 2008) ("An ALJ is required to consider as opinion evidence the findings of state agency medical consultants; the ALJ is also required to explain in his decision the weight given to such opinions.").[4]

///

///

---

[3]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

[4]The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.  See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

**B.    Pertinent Facts**

The report of a May 12, 2006 mental status evaluation of plaintiff noted that plaintiff was alert and oriented in all four spheres, plaintiff had some difficulty with concentration, but plaintiff had no other cognitive deficits.  (AR 338).

The report of an August 27, 2006 Adult Psychiatric Evaluation of plaintiff noted a mental status evaluation for plaintiff that was within normal limits.  (AR 328-29).

On September 25, 2007, Dr. H. Skopec, a state-agency reviewing psychiatrist, completed a Psychiatric Review Technique form in which he opined that plaintiff had (i) mild restriction of activities of daily living; (ii) moderate difficulties in maintaining social functioning; (iii) moderate difficulties in maintaining concentration, persistence or pace; and (iv) no repeated episodes of decompensation of extended duration.  (AR 283, 291).  In a Case Analysis form also dated September 25, 2007, Dr. Skopec opined, based on his review of the administrative record, that plaintiff retained the mental residual functional capacity to perform "at least [simple repetitive tasks]."  (AR 295).

In his decision, the ALJ noted the following with respect to Dr. Skopec's September 25, 2007 opinions:

> State Agency review psychiatrists concluded that [plaintiff] had a severe affective disorder but could perform simple, repetitive, nonpublic tasks.  [Plaintiff] would have mild limitation in activities of daily living, moderate difficulty maintaining social functioning, moderate difficulty maintaining concentration, persistence or pace and no repeated episodes of decompensation, each of extended duration. . . .

(AR 17) (citing Exhibits 5F-6F [AR 283-95]).

///

///

1

### C.    Discussion

2       First, although plaintiff asserts that Dr. Skopec limited plaintiff to

3   performing "*only* [] simple repetitive tasks" (Plaintiff's Motion at 4) (emphasis

4   added), such an assertion is belied by the record.  In the September 25, 2007 Case

5   Analysis Dr. Skopec opined that plaintiff retained the mental residual functional

6   capacity to do "*at least* [simple repetitive tasks]."  (AR 295) (emphasis added).

7       Second, substantial evidence supports the ALJ's assessment that plaintiff

8   retained the mental residual functional capacity to perform moderately detailed,

9   complex tasks.  <u>See</u> <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751, 755 (9th Cir. 1989)

10  (court may draw specific and legitimate inferences from ALJ's opinion).  Again,

11  Dr. Skopec opined that plaintiff could do *at least* simple repetitive tasks.  (AR

12  295).  As the ALJ also noted, the record contains mental status evaluations of

13  plaintiff which, apart from some difficulty with concentration, were within normal

14  limits.  (AR 17) (citing Exhibit 10F at 15, 24 [AR 329, 338]). While plaintiff

15  suggests that such evidence supports greater mental limitations, this Court cannot

16  second-guess the ALJ's reasonable determination that it does not.  <u>See</u> <u>Lewis v.</u>

17  <u>Apfel</u>, 236 F.3d 503, 509 (9th  Cir. 2001) (citation omitted).  It was sole province

18  of the ALJ to resolve any conflict or ambiguities in the properly supported medical

19  evidence.  <u>Id.</u>; <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation

20  omitted).

21      Finally, since the ALJ's determination that plaintiff retained the mental

22  ability to perform moderately detailed, complex tasks is supported by substantial

23  evidence, the ALJ did not err in omitting a limitation to simple repetitive tasks

24  from his residual functional capacity assessment and the hypothetical question

25  posed to the vocational expert, and consequently, plaintiff fails to demonstrate that

26  ALJ erred at step five in finding that plaintiff could perform his past relevant work

27  as a stock clerk.

28  ///

1    Accordingly, the Court concludes that a reversal or remand is not warranted

2 on any of plaintiff's grounds.

3 **V.    CONCLUSION**

4    For the foregoing reasons, the decision of the Commissioner of Social

5 Security is affirmed.

6    LET JUDGMENT BE ENTERED ACCORDINGLY.

7 DATED:  January 26, 2012

8                                    _____/s/_____

9                                    Honorable Jacqueline Chooljian
                                     UNITED STATES MAGISTRATE JUDGE

9